# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, a Trust Fund, | ) <br> ) <br> ) |
| and | ) <br> ) |
| VIRGIL W. KLOTH, and LANCE CLAIBORNE, TRUSTEES OF THE CARPENTERS PENSION TRUST FUND OF KANSAS CITY, | ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL ANNUITY FUND, a Trust Fund, | ) <br> ) <br> ) |
| and | ) <br> ) |
| VIRGIL W. KLOTH, and BRIAN MURPHY, TRUSTEES OF THE ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL ANNUITY FUND, | ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, a Trust Fund, | ) <br> ) <br> ) No. |
| and | ) <br> ) |
| VIRGIL W. KLOTH, and BRIAN MURPHY, TRUSTEES OF THE MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, | ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| CARPENTERS VACATION TRUST FUND OF ST. LOUIS, a Trust Fund, | ) <br> ) <br> ) |
| and | ) <br> ) |
| VIRGIL W. KLOTH and BRIAN MURPHY TRUSTEES OF THE CARPENTERS VACATION TRUST FUND OF ST. LOUIS | ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, APPRENTICE AND TRAINING FUND A Trust Fund, | ) <br> ) <br> ) |

|  |  |
|---|---|
| and | ) |
|  | ) |
| **VIRGIL W. KLOTH and BRIAN MURPHY** | ) |
| **MID-AMERICA CARPENTERS REGIONAL COUNCIL** | ) |
| **APPRENTICE AND TRAINING FUND.** | ) |
|  | ) |
|  | ) |
| **Plaintiffs,** | ) |
| v. | ) |
|  | ) |
| **AQUILA INDUSTRIES, LLC** | ) |
| [SERVE: Registered Agent | ) |
| Marquis B. Cannion | ) |
| Registered Agent | ) |
| 208 N. Walker Dr. | ) |
| Raymore, MO 64083] | ) |
|  | ) |
|  | ) |
| **Defendant.** | ) |

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Carpenters Pension Trust Fund of Kansas City, a Trust Fund, and Virgil W. Kloth and Lance Claiborne, duly appointed and acting Trustees of the Carpenters Pension Trust Fund of Kansas City who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters Pension Trust Fund of Kansas City, and, for their cause of action under Count I against Defendant Aquila Industries, LLC., state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

2. Plaintiffs, Virgil W. Kloth and Lance Claiborne, are duly appointed and acting Trustees of the Carpenters Pension Trust Fund of Kansas City, who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters Pension Trust Fund of Kansas City; Plaintiff, Carpenters Pension Trust Fund of Kansas City (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management

{00619371;C24-305;KEM }

2

Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3. Said Plaintiff Fund was established on April 1, 1968, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and The United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant Aquila Industries, LLC is a Missouri Corporation doing business in the State of Missouri and at all times material herein employed carpenters performing work covered by the collective bargaining agreement herein mentioned.

7. In the ordinary course of business, Defendant Aquila Industries, LLC annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151 and 29 U.S.C. § 185.

8. At all times material herein, Defendant Aquila Industries, LLC stipulated and agreed to be bound by the terms and conditions of a collective bargaining agreement then in effect and that would subsequently be in effect.

9. Carpenter employees of the Defendant Aquila Industries, LLC were employed under the terms of the collective bargaining agreements under the terms of which Defendant Aquila Industries, LLC agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements at all times material herein; and during said period to submit written reports within fifteen (15) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant Aquila Industries, LLC.

10. That the Defendant Aquila Industries, LLC is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11. Under the agreement hereinabove mentioned, Defendant Aquila Industries, LLC likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant Aquila Industries, LLC pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant Aquila Industries, LLC's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12. Defendant Aquila Industries, LLC has failed and refused to submit correct remittance reports and correct contributions to Plaintiff Fund from **January 1, 2023,** to date, and Plaintiff Fund is unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant Aquila Industries, LLC covering the period **January 1, 2023,** to date.

13. The collective bargaining agreement and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14. The collective bargaining agreement and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury, loss and damage unless Defendant Aquila Industries, LLC is ordered to specifically perform all obligations on Defendant Aquila Industries, LLC's part required to be performed under the collective bargaining agreement and Trust Agreements, as amended, and herein referred to.

16. Defendant Aquila Industries, LLC is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiff Fund pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreement and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant Aquila Industries, LLC's obligations under Section 515 of ERISA.

17. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.  An Order directing that an accounting be made of Defendant Aquila Industries LLC's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2023,** to date;

B.  For judgment against Defendant Aquila Industries, LLC in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2023,** to date;

C.  For judgment against Defendant Aquila Industries, LLC for liquidated damages;

D.  For judgment against Defendant Aquila Industries, LLC for interest on the unpaid fringe benefit contributions;

E.  For judgment against Defendant Aquila Industries, LLC for reasonable attorneys' fees incurred in the prosecution of this cause;

F.  For judgment against Defendant Aquila Industries, LLC for audit costs incurred in the prosecution of this cause;

G.  For an Order requiring Defendant Aquila Industries, LLC to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant Aquila Industries, LLC to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.  For an Order requiring the Defendant Aquila Industries, LLC to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

{00619371;C24-305;KEM }

6

Case 4:25-cv-00828-BCW   Document 1   Filed 10/21/25   Page 6 of 16

J.  For judgment against Defendant Aquila Industries, LLC for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, St. Louis – Kansas City Carpenters Regional Annuity Fund, a Trust Fund, and Virgil W. Kloth, and Brian Murphy, duly appointed and acting Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund who are authorized to maintain this action on behalf of the Annuity Fund and all the Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund, and, for their cause of action under Count II against Defendant Aquila Industries, LLC state:

1. Plaintiffs, Virgil W. Kloth, and Brian Murphy, are duly appointed and acting Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund who authorized to maintain this action on behalf of the Annuity Fund and all the Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund; Plaintiff St. Louis – Kansas City Carpenters Regional Annuity Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Fund was established and adopted on May 1, 2019, pursuant to the collective bargaining agreement between the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis and Eastern Missouri, The Builders' Association, Flooring Industry Council of Greater St. Louis, and Southern Illinois Builders Association (hereinafter referred to as "Associations") and the Carpenters' District Council of St. Louis.

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions

pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant Aquila Industries, LLC's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2023,** to date;

B. For judgment against Defendant Aquila Industries, LLC in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2023,** to date;

C. For judgment against Defendant Aquila Industries, LLC for liquidated damages;

D. For judgment against Defendant Aquila Industries, LLC for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant Aquila Industries, LLC for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant Aquila Industries, LLC for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant Aquila Industries, LLC to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Aquila Industries, LLC to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant Aquila Industries, LLC to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant Aquila Industries, LLC for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Mid-America Carpenters Regional Council Health Fund, a Trust Fund, and Virgil W. Kloth and Brian Murphy, duly appointed and acting Trustees of the Mid-America Carpenters Regional Council Health Fund who are authorized to maintain this action on behalf of the Mid-America Carpenters Regional Council Health Fund and all the Trustees of the Mid-America Carpenters Regional Council Health Fund, and, for their cause of action under Count III against Defendant Aquila Industries, LLC, state:

1. Plaintiffs, Virgil W. Kloth and Brian Murphy, are duly appointed and acting Trustees of the Mid-America Carpenters Regional Council Health Fund who are authorized to maintain this action on behalf of the Mid-America Carpenters Regional Council Health Fund and all the Trustees of the Plaintiff Mid-America Carpenters' Regional Council Health Fund (hereinafter referred to as "Plaintiff Fund") and Plaintiff Fund is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund is a successor in interest to the Carpenters' Health and Welfare

Trust Fund of St. Louis that was established on June 1, 1973, pursuant to the collective bargaining agreement between the Association of Greater St. Louis and the Carpenters' District Council of St. Louis; that the Trust Agreement establishing Carpenters Health and Welfare Fund of St. Louis was amended and revised effective December 11, 1975; and that the Carpenters Health and Welfare Fund of St. Louis was merged into the Plaintiff Fund which assigned all liabilities owed to the Carpenters Health and Welfare Fund of St. Louis to the Plaintiff Fund.

3. The Plaintiff fund was established on June 1, 1973, pursuant to the collective bargaining agreement between the Chicago District Council of United Brotherhood of Carpenters and Joiners of America (the "Union") and the Builders Association of Chicago (hereinafter "the Association"); that the Trust Agreement establishing Plaintiff Fund was restated effective January 1, 2017.

4. The situs of the Plaintiff Fund is the City of Chicago, Illinois, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Illinois and the aforementioned Federal laws

5. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant Aquila Industries, LLC's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2023,** to date;

B. For judgment against Defendant Aquila Industries, LLC in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2023,**

to date;

C.     For judgment against Defendant Aquila Industries, LLC for liquidated damages;

D.     For judgment against Defendant Aquila Industries, LLC for interest on the unpaid fringe benefit contributions;

E.     For judgment against Defendant Aquila Industries, LLC for reasonable attorneys' fees incurred in the prosecution of this cause;

F.     For judgment against Defendant Aquila Industries, LLC for audit costs incurred in the prosecution of this cause;

G.     For an Order requiring Defendant Aquila Industries, LLC to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.     For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Aquila Industries, LLC to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.     For an Order requiring the Defendant Aquila Industries, LLC to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J.     For judgment against Defendant Aquila Industries, LLC for costs incurred in this action; and

K.     For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Carpenters Vacation Trust Fund of St. Louis, a Trust Fund, and Virgil W. Kloth and Brian Murphy, duly appointed and acting Trustees of the Carpenters Vacation Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Vacation Fund and

all the Trustees of the Carpenters Vacation Trust Fund of St. Louis, and, for their cause of action under Count IV against Defendant Aquila Industries, LLC, state:

1. Plaintiffs, Virgil W. Kloth and Brian Murphy are duly appointed and acting Trustees of the Carpenters Vacation Trust Fund of St. Louis who authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Carpenters Vacation Trust Fund of St. Louis; Plaintiff Carpenters Vacation Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on May 1, 1969, pursuant to the collective bargaining agreement between Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters District Council of Greater St. Louis (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised May 1, 1983.

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant Aquila Industries, LLC's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2023,** to date;

B.  For judgment against Defendant Aquila Industries, LLC in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2023,** to date;

C.  For judgment against Defendant Aquila Industries, LLC for liquidated damages;

D.  For judgment against Defendant Aquila Industries, LLC for interest on the unpaid fringe benefit contributions;

E.  For judgment against Defendant Aquila Industries, LLC for reasonable attorneys' fees incurred in the prosecution of this cause;

F.  For judgment against Defendant Aquila Industries, LLC for audit costs incurred in the prosecution of this cause;

G.  For an Order requiring Defendant Aquila Industries, LLC to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.  For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Aquila Industries, LLC to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.  For an Order requiring the Defendant Aquila Industries, LLC to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J.  For judgment against Defendant Aquila Industries, LLC for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

# COUNT V

Come now Plaintiffs, Mid-America Carpenters Regional Council Apprentice and Training Fund, a Trust Fund, and Virgil W. Kloth and Brian Murphy, duly appointed and acting Trustees of the Mid-America Carpenters Regional Council Apprentice and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mid-America Carpenters Regional Council Apprentice and Training Fund, and, for their cause of action under Count V against Defendant Aquila Industries, LLC, state:

1. Plaintiffs, Virgil W. Kloth and Brian Murphy are duly appointed and acting Trustees of the Mid-America Carpenters Regional Council Apprentice and Training Fund who are authorized to maintain this action on behalf of the Mid-America Carpenters Regional Council Apprentice and Training Fund and all the Trustees of the Mid-America Carpenters Regional Council Apprentice and Training Fund; Plaintiff Mid-America Carpenter Regional Council Apprentice and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund is a successor in interest to the St. Louis-Kansas City Carpenters' Joint Training Fund that was established on August 27, 2001, pursuant to the collective bargaining agreement between the Carpenters' District Council of Greater St. Louis (hereinafter referred to as "Union") and the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations").

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of

Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant Aquila Industries, LLC's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 1, 2023,** to date;

B. For judgment against Defendant Aquila Industries, LLC in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 1, 2023,** to date;

C. For judgment against Defendant Aquila Industries, LLC for liquidated damages;

D. For judgment against Defendant Aquila Industries, LLC for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant Aquila Industries, LLC for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant Aquila Industries, LLC for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant Aquila Industries, LLC to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Aquila Industries, LLC to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant Aquila Industries, LLC to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant Aquila Industries, LLC for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

*Plaintiffs designate the place of trial as the United States District Court for the District of Kansas, Kansas City Division, Kansas City, Kansas.*

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Mark A. Kistler*
Mark A. Kistler, MO No. 48442

*/s/ Kevin E. Miller*
Kevin E. Miller, MO No. 71338
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
makistler@a-nlaw.com
kemiller@a-nlaw.com

*Attorneys for Plaintiffs*